Submitted on the petition and answering memorandum April 19, ballot title certified May 19, 2000

Kyle STINCHFIELD,
*Petitioner,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent.*

(SC S47431)

999 P2d 1139

Bruce A. Bishop, of Harrang Long Gary Rudnick PC, Salem, filed the petition for petitioner. With him on the petition was James E. Mountain, Jr.

Rolf C. Moan, Assistant Attorney General, Salem, filed the answering memorandum. With him on the memorandum were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

PER CURIAM

## PER CURIAM

This is a ballot title review proceeding brought under ORS 250.085(2). Petitioner is an elector who timely submitted written comments concerning the content of the draft ballot title submitted to the Secretary of State and who therefore is entitled to seek review of the ballot title certified by the Attorney General. *See* ORS 250.085(2) (setting that requirement).

The ballot title that the Attorney General certified in this case, for Initiative Petition 161 (2000), is identical to the certified ballot title that he certified for Initiative Petition 134 (2000). Petitioner's challenge to the ballot title for Initiative Petition 134 was before this court in *Partridge / Stinchfield v. Myers*, 330 Or 247, 998 P2d 1269 (2000).

Petitioner concedes that Initiative Petitions 134 and 161 are so similar that the Attorney General properly certified identical ballot titles. Nonetheless, he contends, the "yes" result statement and the summary fail to comply substantially with the requirements of ORS 250.035(2)(a) to (d) (1997).[1] In doing so, petitioner reiterates the arguments that he made in his challenge to the Attorney General's certified ballot title for Initiative Petition 134.

As we explained in *Partridge / Stinchfield*, we have considered petitioner's arguments concerning the ballot title certified by the Attorney General. We conclude that petitioner has not shown that the Attorney General's certified ballot title fails to comply substantially with the standards for such ballot titles set out in ORS 250.035(2)(a) to (d) (1997). *See* ORS 250.085(5) (setting out standard of review).

---

[1] The 1999 Legislature amended ORS 250.035(2) (1997). Or Laws 1999, ch 793, § 1. However, section 3 of that 1999 enactment provides, in part:

"The amendments to ORS 250.035 by section 1 of this 1999 Act do not apply to any ballot title prepared for:

"(a) Any initiative petition that, if filed with the Secretary of State with the required number of signatures of qualified electors, will be submitted to the people of the general election held on the first Tuesday after the first Monday in November 2000 * * *."

The present measure is one of those to which the 1999 act does not apply. We therefore apply the pertinent provisions of ORS 250.035(2) (1997).

Accordingly, we certify to the Secretary of State the following ballot title:

## CREATES HEALTH CARE PLAN FUNDED BY ADDITIONAL INCOME, PAYROLL TAXES

RESULT OF "YES" VOTE: "Yes" vote creates health plan for medically necessary services; additional income, payroll taxes fund plan.

RESULT OF "NO" VOTE: "No" vote leaves current health insurance, workers' compensation systems unchanged; rejects additional income, payroll taxes.

SUMMARY: Creates Health Care Finance Plan to pay for all medically necessary health services (including services for injured workers) regardless of preexisting conditions. All residents are eligible. Creates board to establish compensation schedules for services; may issue revenue bonds. To fund plan, creates additional progressive income tax not to exceed 3.8% of state's taxable income, additional employer payroll tax not to exceed 9% of total statewide wages. Board to set rates. Authorizes certain tax credits. Requires contributions by workers' compensation insurers, self-insured employers.

Ballot title certified. This decision shall become effective in accordance with ORAP 11.30(10).